UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DARLENE CHIASSON**                          **CASE NO. 6:22-CV-05529**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**DOVER BAY SPECIALTY INSURANCE               MAGISTRATE JUDGE KAY**
**CO ET AL**

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 23] filed by defendants Dover Bay Specialty Insurance Company ("Dover Bay") and State Farm Mutual Automobile Insurance Company ("State Farm Auto") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. Doc. 30. Also before the court is plaintiff's Motion to Amend/Correct the Complaint, in which she seeks to add State Farm Fire and Casualty Company ("SFFC") as a defendant. Doc. 27. The motion is unopposed. Doc. 29.

I.
BACKGROUND

This suit arises from alleged Hurricane Delta damage to plaintiff's home in Rayne, Louisiana. Plaintiff filed suit in this court on October 4, 2022, asserting that the residence was insured at all relevant times under a policy issued by Dover Bay and/or State Farm Auto and that these parties had failed to timely or adequately compensate her for covered losses. Doc. 1. At that time she was represented by attorneys from the firm of McClenny Moseley & Associates, PLLC ("MMA"), who were subsequently suspended from practice in this district due to their mishandling of hurricane cases. Plaintiff's case was stayed along

with others filed by MMA due to irregularities in those cases, including duplicate suits, suits filed against the wrong insurer, suits filed on behalf of parties with no knowledge of the filing, and suits filed on behalf of parties who had already settled their claims.

New counsel enrolled for plaintiff on July 11, 2023, and the stay was lifted. Doc. 16. State Farm Auto and Dover Bay then filed a motion to dismiss the claims against them under Rule 12(b)(6), attaching the homeowner's policy referenced in the complaint and showing that it was issued by SFFC. Doc. 23; *see* doc. 23, att. 2. Plaintiff opposes the motion, arguing that she should be granted leave to correct the misnomer. Doc. 30. To this end she points to the fact that SFFC is a subsidiary of State Farm Auto and submits evidence, outside the scope of the court's review on this motion, that SFFC had notice of the claim at the time the suit was filed. Plaintiff has also filed a motion to amend her complaint, seeking to add SFFC as defendant. Doc. 27. State Farm Auto and Dover Bay do not oppose this motion, but they "reserve the right to address any and all procedural issues with applicable affirmative defenses" when answering the proposed amended complaint. Doc. 29.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as

matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

The policy, which was referenced in and is central to the complaint, is within the scope of the court's review under a 12(b)(6) motion. That document shows that SFFC, rather than Dover Bay or State Farm Auto, issued the policy and is therefore the correct defendant for plaintiff's breach of contract and bad faith claims. In response, plaintiff has submitted evidence outside the scope of this motion purporting to show that the entities are so intertwined that she should be granted leave to amend and the motion to dismiss should be denied as moot. She fails to articulate a legal basis, however, for retaining either Dover Bay or State Farm Auto as codefendants. Instead, she merely argues that the close relationship of these entities explains her misnomer and justifies amendment of the complaint. Leave to amend must be granted, at any rate, due to defendants' lack of

opposition. *See* Fed. R. Civ. P. 15(a)(2) (after the time has passed for amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."). To the extent SFFC will raise prescription as a defense, plaintiff may rely on her evidence of the entities' relationship and SFFC's alleged prior notice of this suit to show a basis for relation back under Rule 15(c).

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] and Motion to Amend [doc. 27] will both be **GRANTED**. Accordingly, all claims against Dover Bay and State Farm Auto will be **DISMISSED WITH PREJUDICE** while State Farm Fire and Casualty Company will be added as a defendant.

**THUS DONE AND SIGNED** in Chambers on the 30th day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE